UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KATHLEEM MUKAMAL, THEODORE
MUKAMAL and ANDREW MUKAMAL,
individually and derivatively on behalf of
ONEXXX PRODUCTION & EXPLORATION
CORPORATION and CHARTIERS NATURAL
GAS CO., INC.,

       Plaintiffs,

                    25-cv-3493 (PKC)

  -against-               ORDER

ONEXXX PRODUCTION & EXPLORATION
CORPORATION, CHARTIERS NATURAL
GAS CO., INC., ANNE WEIR BENSEN,
KIMBERLEY CROWELL, and SANDRA L.
BITNER,

       Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

  The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

  "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc., 87 F.3d 44, 47 (2d Cir. 1996). Subject matter jurisdiction in this case is premised on complete diversity of citizenship between plaintiffs and defendants and an amount in controversy that exceeds $75,000. (Compl't ¶ 18.) The Complaint asserts that plaintiff Kathleen Mukamal "primarily resides" in Florida. (Compl't ¶ 10.) It asserts that plaintiff Theodore Mukamal has "a permanent residence" in New

York.  (Compl't ¶ 11.)  It asserts that plaintiff Andrew Mukamal "resides in" California.  (Compl't ¶ 12.)  It alleges upon information and belief that defendant Anne Weir Bensen "resides in" Connecticut.  (Compl't ¶ 15.)  It alleges upon information and belief that defendant Kimberley Crowell "resides in" Massachusetts."  (Compl't ¶ 16.)  It alleges upon information and belief that defendant Sandra L. Bitner "resides in" Pennsylvania.  (Compl't ¶ 17.)  The corporate defendant, Onexxx Production & Exploration Corporation, is alleged upon information and belief to be a Delaware corporation with a principal place of business in Pennsylvania.  (Compl't ¶ 13.)

For the purposes of alleging diversity jurisdiction, "residence alone is insufficient to establish domicile for jurisdictional purposes."  Van Buskirk v. United Grp. of Companies, Inc., 935 F.3d 49, 54 (2d Cir. 2019).  "'An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'"  Id. at 53 (brackets and ellipsis in original; quoting Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000)); see also Avant Cap. Partners, LLC v. W108 Dev. LLC, 387 F. Supp. 3d 320, 321 (S.D.N.Y. 2016) ("Residences matter only if they assist in establishing domicile and citizenship.") (Stanton, J.).

Some courts also have concluded that citizenship allegations made upon information and belief, without adequate supporting allegations, are insufficient to allege diversity jurisdiction.  See, e.g., Housing & Redevelopment Insurance Exchange v. Guy Carpenter & Co., LLC, 2025 WL 833876, at *2 (S.D.N.Y. Mar. 17, 2025) (Vyskocil, J.) (collecting cases); Michael David Properties LLC v. Continental Casualty Co., 2025 WL

267728, at *2 (E.D.N.Y. Jan. 22, 2025) ("Defendant's assertions made only 'upon information and belief' are insufficient to establish Plaintiff's citizenship.").

Within fourteen (14) days of this Order, plaintiffs may serve interrogatories as to the citizenship of each natural person who is named a defendant, and, as to the corporate defendant, the jurisdiction under whose laws it is incorporated and its principal place of business. The defendants shall serve their responses to the interrogatories within fourteen (14) days.

Within forty-five (45) days of this Order, the plaintiff shall amend its complaint to correct the jurisdictional deficiencies by truthfully and accurately alleging the citizenship of each plaintiff and defendant. If, by this date, the plaintiff fails to allege complete diversity of citizenship, the action will be dismissed for lack of subject matter jurisdiction without further notice to any party.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 6, 2025